IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR UNITED STATES DEPARTMENT OF LABOR<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAMBRIDGE MANAGEMENT COMPANIES, LLC,<br>　　　　Defendant. | Civil Action No. _____ |

## COMPLAINT

R. Alexander Acosta, Secretary of Labor, hereby alleges:

### JURISDICTION AND VENUE

1.　　This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2.　　This Court has subject matter jurisdiction over this action pursuant to Section 502(3)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.　　Venue with respect to this action lies in the Eastern District of Pennsylvania, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2).

4.  The Cambridge Retirement Communities 401(K) Plan is an employee benefit plan within the meaning of Section (3)(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 20 U.S.C. § 1003(a).

5.  Cambridge Management Companies, LLC ("Cambridge"), a Pennsylvania corporation, is the administrator and sponsor of the Plan. Cambridge had a place of business located in West Conshohocken, PA.

6.  For purposes of this Complaint, the relevant period is defined as January 1, 2001 to date.

## THE PARTIES

7.  The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

8.  Cambridge is the administrator of the Plan and the Plan sponsor. During some or all of the relevant time period, Cambridge has exercised discretionary authority and discretionary control respecting management of the Plan, has exercised authority and control respecting management and disposition of the Plan's assets and had discretionary authority and discretionary responsibility in the administration of the Plan. Cambridge is therefore a fiduciary to the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

## GENERAL ALLEGATIONS

9. On or about January 1, 2001, Cambridge established the Plan to provide benefits to its employees in the event of retirement, disability, or death and termination of employment.

10. As of October 7, 2015, the Plan had twenty-five (25) participants and $181,168.98 in Plan assets.

11. Cambridge was incorporated on January 1, 1999. Warren Weiner was the owner of the company, prior to its closure.

12. Cambridge ceased operations prior to Weiner's death in 2012.

13. Since at least 2012, upon the death of Weiner, Cambridge has not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor has the Committee appointed anyone to assume said responsibility. Mr. Weiner is believed to have died on February 13, 2012.

14. Under the terms of the Plan, Plan participants are entitled to distribution of their non-forfeitable account balance upon termination of employment, retirement, death, or disability.

15. The remaining plan participants were terminated prior to Weiner's death in 2012, when Cambridge ceased operating, but those participants have not been able to obtain a distribution from the Plan because Cambridge has not initiated termination of the plan and distribution of the plan assets.

## VIOLATIONS

16. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-15, inclusive.

17. By the actions and conduct described above, Cambridge, as fiduciary of the plan:

   a. Failed to discharge its duties with respect to the plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of the Act, § 404(a), 20 U.S.C. § 1104(a)(1)(A); and

   b. Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of the Act, § 404(a)(1)(B), 29 U.S.C. 1104(a)(1)(B).

## PRAYER FOR RELIEF

Wherefore, the Secretary prays that this Court enter an order:

A. Removing Defendant Cambridge from its position as fiduciary with respect to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the Participants and beneficiaries; and

B. Awarding such further relief as is appropriate and just.

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U. S. Department of Labor
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
Telephone No. (215) 861-5146
Facsimile No. (215) 861-5162
E-mail: bluer.jennifer.l@dol.gov

Nicholas C. Geal
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Jennifer L. Bluer*
Jennifer L. Bluer
Attorney

U.S. DEPARTMENT OF LABOR

Attorneys for Petitioner